Justice Breyer,
with whom Justice Scalia and Justice Alito join,
concurring.
I join the Court’s opinion in ML I write separately because, given the technical but important nature of the invalidity question, I believe it worth emphasizing that in this area of law as in others the evidentiary standard of proof applies to questions of fact and not to questions of law. See, e. g., Addington v. Texas, 441 U. S. 418, 423 (1979). Thus a factfinder must use the “clear and convincing” standard where there are disputes about, say, when a product was first sold or whether a prior art reference had been published.
Many claims of invalidity rest, however, not upon factual disputes, but upon how the law applies to facts as given. Do the given facts show that the product was previously “in public use”? 35 U. S. C. § 102(b). Do they show that the invention was “nove[1]” and that it was “non-obvious”? §§102, 103. Do they show that the patent applicant described his claims properly? §112. Where the ultimate question of patent validity turns on the correct answer to legal questions — what these subsidiary legal standards mean or how they apply to the facts as given — today’s strict standard of proof has no application. See, e. g., Graham v. John Deere Co. of Kansas City, 383 U. S. 1, 17 (1966); Minnesota Mining & Mfg. Co. v. Chemque, Inc., 303 F. 3d 1294, 1301 *115 (CA Fed. 2002); Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc., 617 F. 3d 1296, 1305 (CA Fed. 2010); cf. Markman v. Westview Instruments, Inc., 517 U. S. 370 (1996).
Courts can help to keep the application of today’s “clear and convincing” standard within its proper legal bounds by separating factual and legal aspects of an invalidity claim, say, by using instructions based on case-specific circumstances that help the jury make the distinction or by using interrogatories and special verdicts to make clear which specific factual findings underlie the jury’s conclusions. See Fed. Rules Civ. Proc. 49 and 51. By isolating the facts (determined with help of the “clear and convincing” standard), courts can thereby ensure the proper interpretation or application of the correct legal standard (without use of the “clear and convincing” standard). By preventing the “clear and convincing” standard from roaming outside its fact-related reservation, courts can increase the likelihood that discoveries or inventions will not receive legal protection where' none is due.